■ HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant, v. EDWARD WESOLOWSKI, as Administrator of the Estate of JULIA RAS, Also Known as JULIA WESOLOWSKI, Deceased, et al., Respondents.— Order unanimously affirmed, with costs. Memorandum: Gerald Koningisor insured by plaintiff, Hartford Accident and Indemnity Company (Hartford), was the owner and operator of a vehicle proceeding in a southerly direction on Route 240 in the Town of Colden, Erie County, New York on August 6, 1967 when it sideswiped one vehicle (Barreca), injuring its occupants and then continued on at least 130 feet to a head-on collision with a second vehicle (Ras), causing several fatalities. As a result, a number of negligence suits were commenced against Koningisor for the deaths and personal injuries incurred. Damages claimed exceed the limits of the automobile liability insurance policy Koningisor has with plaintiff Hartford. The policy provides coverage to the insured Koningisor up to the limits of $10,000 for each person and $20,000 for each

" occurrence ". Hartford's offer · to settle the pending actions for $20,000 was rejected by all the plaintiffs, who contend that there were two separate " occurrences " or " accidents " and that the total liability insurance coverage available to Koningisor is $40,000. Hartford instituted this declaratory judgment action, naming as defendants all of the plaintiffs in the pending negligence actions and its own insured, Koningisor. Hartford moved for summary judgment claiming that because of the close proximity of time and distance between the two impacts and the lack of conscious or deliberate action taken by its insured after the first impact and before the second, constitute, as a matter of law, a single " occurrence " thereby limiting its insurance coverage to $20,000. Special Term denied Hartford's motion, holding that the issue of whether these events constituted a single " occurrence " or more presented a question of fact precluding the granting of summary judgment. It is from this denial that Hartford appeals. ¶ Where there is injury or loss to several persons, the question presented is whether there is one or more than one " accident " or " occurrence " within the meaning of an insurance contract which limits coverage to a certain amount per " accident " or " occurrence ". The Court of Appeals in *Johnson Corp.* v. *Indemnity Ins. Co.* (7 N Y 2d 222) identified three approaches to resolving this issue. The first focuses on the number of negligent acts and holds that " ' where one negligent act or omission is the sole proximate cause * * * there is, as a general rule but one accident, even though there be several resultant injuries or losses' " (pp. 227–228). The second approach focuses on the injured parties and holds that each person who has suffered a loss has suffered an accident (p. 228). The third approach, and the one adopted by the Court of Appeals, focuses on the common-sense meaning of the term " accident " and recommends that " the term is to be used in its common sense of ' *an event* of an unfortunate character that takes place without one's foresight or expectation * * *' * * * That is, unexpected, unfortunate occurrence." (p. 228). ¶ Consequently, whether the events of injury or loss are separate " accidents " or one " accident ", the rule to be applied is the same, but it is stated differently depending upon whether one is defining the events as separate " accidents " or as *one* " accident ". Thus, events of injury or loss are separate "accidents " provided that they are (1) possibly distinguishable in time and space, *and* (2) one event does not cause the other (*Johnson, supra,* p. 230). Events of injury or loss are *one* " accident " within the meaning of the policy provided that they are (1) completely indistinguishable in time and space, *or* (2) that one event caused the other. Of course, the burden of proof rests with respect to these issues on Hartford because it is seeking to invoke a clause limiting its liability (*Prashker* v. *United States Guar. Co.,* 1 N Y 2d 584, 592; *Wagman* v. *American Fid. & Cas. Co.,* 304 N. Y. 490, 498). Unlike *Johnson* where the Court of Appeals concluded that as a matter of law the events constituted separate " accidents ", the facts here present issues of fact to be resolved by a jury. (Appeal from order of Erie Special Term denying motion for summary judgment.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Cardamone, JJ.